IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,    )    Case No. 8:25CR186
                             )
          Plaintiff,         )
                             )    **MEMORANDUM BRIEF**
    vs.                      )    **IN SUPPORT OF MOTION**
                             )    **FOR DOWNWARD**
MAJOK BETHOW,                )    **VARIANCE**
                             )
          Defendant.         )
                             )

Having pled guilty to possessing a FNP 9mm handgun in violation of 18

U.S.C. §§ 922(g)(1), 924(a)(8), and 2 in accordance with a plea agreement, Majok

Bethow is before the Court for sentencing.

The Presentence Investigation Report places Bethow's guideline level at 17

and a Criminal History Category II, resulting in a recommended guideline

imprisonment range of 27 months to 33 months. Bethow also concedes a violation of

the conditions of his supervised release constituting a grade B violation with a

recommended guideline range of 4 to 10 months related to his previous convictions

in *United States v. Majok Bethow,* Case Nos. 8:22CR96 and 8:22CR116.

**Bethow's History and Characteristics**

Bethow is a 26-year-old citizen of Ghana who has not obtained naturalization

despite lawfully accompanying his family to the United States in October 2000 as a

toddler. An immigration detainer has been lodged with the Marshals Service and

remains active at this time.

Bethow is generally in good physical health but does have medical problems

related to being randomly shot by unknown individuals five times in December 2021—once in the head, shoulder, and hand, as well as twice in his back. He suffers from 75% hearing loss in his left ear and still has bullet fragments lodged in his back. He uses ibuprofen to address his pain.

Bethow has disclosed that he has historically smoked marijuana since age 15 and recently, usually one or two times per day. When asked by probation if there is anything he would change about his upbringing, Bethow said he wished his "parents would never have gotten divorced" and he "would avoid hanging around the wrong crowd and negative influences."

Because Bethow violated 18 U.S.C. § 922 (g)(1) and is subject to an immigration detainer, Bethow's conditions of confinement will be negatively affected. For example, even though Bethow has described daily personal marijuana use and arguably could benefit from drug education/treatment, Bethow will be ineligible to earn early release by participating in the Bureau of Prisons' residential drug abuse program. Bethow's conviction and immigration status will also render him ineligible for placement in any minimum-security facility or community confinement location toward the end of his sentence under current Bureau of Prisons policies. See Exhibit 1.

### A Variance is Warranted.

Bethow's recommended guideline ranges for the charged violations produce a recommended sentence greater than necessary to serve the purposes of 18 U.S.C. § 3553(a), for two reasons:

1.  Bethow's 2024 conviction for illegal possession of a machine gun (pistol with a modifying device) specifically elevates the base offense level and adds criminal history points for the current offense while also serving as the basis for punishment for violation of Bethow's supervised release conditions. Bethow concedes this is not impermissible "double counting" because the Guidelines specifically permit the conviction to be used for different purposes. Application note 10 to USSG § 2K2.1; *United States v. Jones*, 951 F.3d 918, 920 (2020)(citing *United States v. Pappas*, 715 F.3d 225, 229 (8th Cir. 2013). Similarly, any sentence related to the current charge of being a prohibited person in possession of a firearm serves a different purpose than a sentence related to the supervised release violation. The former punishes Bethow for possession of a firearm as a prohibitive person, while the latter punishes Bethow for violating the conditions of his supervised release. *United States v. Roe,* 9 F.4th 754 (8th Cir. 2021).

Nevertheless, use of the machine gun possession conviction results in a sentence that is greater than necessary under the circumstances under 18 U.S.C. § 3553(a) for Bethow's current violation of 18 U.S.C. §§ 922(g)(1). See *United States v. Chase*, 560 F.3d 828 (8th Cir. 2009)(holding downward variance in a downward departure are distinct concepts). While Bethow certainly understood his previous conviction would impose a prohibited person *status* that forbade possession of any firearm or ammunition, Bethow had no idea any punishment for possessing the FNP 9mm handgun would be enhanced by the nature of his previous conviction in the manner provided by USSG 2K2.1(a)(4). This guideline essentially punishes

3

Bethow again related to his conduct with the machine gun because the previous offense does more than simply provide additional criminal history points. Instead, it provides the specific basis for Bethow's initial higher guideline level even though Bethow's possession of a firearm in this case was a discrete, unrelated act to his previous machine gun possession and involved a more pedestrian firearm not prohibited by law. If Bethow's previous felony had not been defined as a crime of violence, Bethow's initial guideline level would be 12 rather than 20, resulting in a level 9 after acceptance of responsibility, for a guideline range of 6 to 12 months imprisonment.

There is also no evidence Bethow continued to possess machine guns after his initial conviction or has used firearms to commit any other non-status offenses. The most that can be said is that he possessed a handgun while being prohibited from doing so. Wrongful conduct for sure, but not a replication of conduct leading to his previous conviction.

2. In *United States v. Lopez-Salas*, 266 F.3d 842, 847 (8th Cir. 2001), the Eighth Circuit recognized "alien status and the collateral consequences flowing therefrom may be an appropriate basis for departure." Because the decision is couched in departure-oriented reasoning, the court limited consideration to circumstances that are "atypical or unusual" under "exceptional circumstances." As such, *Lopez-Salas* is subject to the reasoning of *United States v. Solis-Bermudez*, 501 F.3d 882 (8th Cir. 2007), that held any Guidelines prohibition does not prevent consideration of the same factor under a § 3553(a) variance analysis. See, also,

4

*United States v. Morales-Uribe*, 470 F.3d 1282 (8th Cir. 2006)(variance could be appropriate under § 3553(a)(2)(C) where deportation is likely).

Bethow's circumstances are indeed "atypical and unusual." His situation presents an "exceptional circumstance." Bethow came to the United States over twenty-five years ago. He has been educated here, speaks only English fluently and has marinated in American culture his whole life. He is as American as anyone else his age who was born in the United States. Unfortunately, because of his mistakes, Bethow will pay a price far greater than a United States citizen under the same circumstances.

For his misdeeds, he will most likely be deported, banished from the only country he has truly known, to a country in which he possibly has no economic, social, or lingual relationship. Bethow has already lost his father who died in April and Bethow was unable to attend his father's funeral due to his pretrial detention. His deportation would result in Bethow losing the support and companionship of his remaining close family members, all of whom reside in the United States, possibly for the remainder of his life. Any prison sentence under these circumstances pales in comparison to the colossal collateral consequence deportation will inflict upon Bethow.

## Conclusion

These reasons, individually and in combination, justify a sentence lower than a sentence in the recommended guideline ranges for Bethow's violations of 18

U.S.C. § 922(g)(1) and the conditions of supervised release related to Bethow's previous conviction.

MAJOK BETHOW, Defendant,

BY   /s/ *Clarence E. Mock*

Clarence E. Mock, III, No. 15443
JOHNSON & MOCK, PC, LLO
9900 Nicholas Street
Suite 225
Omaha, NE 68114
Phone: (402) 346-8856
Fax: (402) 346-6414
Email: cmock@johnsonandmock.com

## CERTIFICATE OF SERVICE

I, Clarence E. Mock, hereby certify that on July 16, 2026, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all attorneys of record in this case.

/s/ *Clarence E. Mock*
Clarence E. Mock

6